## A. C. RICKS v. THE STATE.

### No. 5036. Decided May 22, 1918.

**Robbery—Sufficiency of the Evidence.**

Where, upon trial of robbery by means of firearms, the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of robbery by means of firearms and violence, etc.; penalty, five years imprisonment in the penitentiary.

The testimony of the main State's witness substantially showed that he walked into a saloon to buy a glass of beer, and there met the de-

fendant and some other parties playing a game of pool with one "Son" Brown; that he bet two dollars on the game and lost it; but in the next game the State's witness won two dollars, and that defendant and his companions tried to take this money away from him, and that after some wordy altercation State's witness went home; that in about thirty minutes thereafter, after the witness got home, the defendant and his companions rang the door bell and were admitted by someone in the house, whereupon one of the defendant's companions grabbed the witness, demanding the money the witness had won at the pool game, and while the parties were tussling, defendant ran in with a pistol drawn, demanding that the State's witness give him the money; whereupon witness gave him two dollars, when they demanded still more, when other parties interfered and a general strife ensued and someone rang up the police and the parties dispersed; that the State's witness gave up the two dollars because the defendant drew a pistol on him and he was afraid of being shot, etc.

This is the salient part of the State's evidence, supported by other State's witnesses. Of course, there appear in the record the usual contradictions and conflicts in the testimony.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of robbery and assessed the lowest punishment.

The sole contention is that the evidence is too uncertain and insufficient to sustain the conviction. The statement of facts has been carefully read. Clearly the evidence of the State's witnesses was amply certain and sufficient to sustain the conviction. It is true the testimony of defendant and some of his witnesses disputed the testimony to some extent of the State's witness. The credibility of all the witnesses and the weight to be given to their testimony was for the jury. The jury evidently believed the State's witnesses and disbelieved appellant and some of his witnesses. There is no necessity of detailing the testimony. It would serve no useful purpose in this or any other case.

The judgment is affirmed.

*Affirmed.*